UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIMOTHY GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00032-JRO-MJD |
| | ) | |
| NORRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING NURSE WEBSTER'S MOTION FOR SUMMARY JUDGMENT AND RESOLVING PENDING MOTIONS**

Plaintiff Timothy Gaines alleges in this lawsuit that Defendants violated his Eighth and Fourteenth Amendment rights when he was incarcerated at Putnamville Correctional Facility ("Putnamville").

Defendant Nurse Webster moves for summary judgment, dkt. [77], arguing that Gaines failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. Gaines filed a motion for summary judgment regarding exhaustion, dkt. [84], which the Court also construes as a response in opposition to Nurse Webster's summary judgment motion.

For the reasons explained below, Nurse Webster's motion for summary judgment, dkt. [77], is **GRANTED**, and Gaines's motion for summary judgment, dkt. [84], is **DENIED.** Nurse Webster's motion to reply to Plaintiff's surreply, dkt. [94], is **DENIED as unnecessary.** Gaines's motions, dkts. [76], [95], and [98], are resolved below.

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II. FACTUAL BACKGROUND

At all times relevant to the claims in this suit, Gaines was incarcerated at Putnamville, a prison maintained by the Indiana Department of Correction ("IDOC"). Dkt. 79-1 at 1.

### A. Offender Grievance Process

The IDOC has a standardized offender grievance process which was in place during the time Gaines alleges his rights were violated. *See* dkt. 79-2 (IDOC Offender Grievance Process).

IDOC Policy and Administrative Procedures 00-02-301, Offender Grievance Process ("Offender Grievance Process") is the IDOC policy governing the grievance procedure and explains how a prisoner must exhaust his administrative remedies using that procedure. *See id.* During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 3. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id.*

The grievance process provides that "[i]f the offender receives no grievance response within thirty (30) business days . . . the offender may appeal as though the grievance had been denied." Dkt. 79-2 at 11. Likewise, "[i]f no appeal response is received within the required time frame, the offender may consider the appeal as being denied." *Id.* at 14.

The grievance process is available to all prisoners at Putnamville at all times, including when they are in restrictive housing or in the infirmary. Dkt. 79-1 at 5 (Affidavit of Heather Burck). The process is made known to each prisoner during the orientation proves at the outset of their incarceration. *Id.*

**B. Gaines's Participation in the Grievance Process**

Gaines filed several grievances during his time at Putnamville. *See* dkt. 79-3 (History of Grievances). IDOC has no record of Gaines filing a grievance related to his allegations against Nurse Webster. *Id.*

There is a record of Gaines filing a grievance dated April 4, 2024, regarding sustaining further injury to his knee after an officer banged his leg on the door while he was in a wheelchair. Dkt. 79-4 at 1 (Grievance #154597). Gaines was issued a receipt, dated April 21, 2023, which indicated that Grievance Specialist Donna Bumgardner received his grievance on April 14, 2025. Dkt. 79-4 at 2 (Receipt for Grievance #154597). Ms. Bumgardner responded on April 25, 2023, and indicated that his grievance was denied. Dkt. 79-4 at 3 (Grievance Specialist Response for #154597).

Gaines attached an unrecorded grievance to his motion for summary judgment, which is dated April 4, 2023. Dkt. 84-1 at 1 (Unrecorded Grievance dated April 4, 2023). This document contains no IDOC stamps or other markings indicating that it was ever received by prison grievance officials. *Id.* The narrative of the grievance states, among other things, that Gaines was "continually sexually abused" by Nurse Webster. *Id.*

## III. DISCUSSION

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "Because exhaustion is an affirmative defense," the defendant faces the burden of establishing that "an administrative remedy was available and that [Gaines] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). Thus, "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

Nurse Webster designated evidence that Gaines was aware of the grievance process and was able to pursue it. Dkt. 79-1 at 5; Dkt. 79-3. She further designated evidence that the IDOC has no record of any grievances regarding Gaines's allegations against Nurse Webster. Dkt. 79-1; Dkt. 79-3. Nurse Webster designated evidence that Gaines did successfully file Grievance #154597 on April 4, 2023, that was received and responded to by Ms. Bumgardner. Dkt. 79-4 at 1-4. However, Grievance #154597 did not contain any complaints or allegations regarding Nurse Webster. *Id.* at 1. The existence of Grievance #154597 illustrates that the grievance process was available to Gaines, at least in April of 2023, and that Ms. Bumgardner was actively receiving and responding to grievances in a timely fashion.

Gaines's response does not explain how he filed this unrecorded grievance or otherwise demonstrate that he followed the proper procedures for filing it. *See* dkt. 84. He merely states that on April 4, 2023, he filed a grievance against Nurse Webster for sexually assaulting him and directs the Court to the attached grievance. *Id.* at 1 (citing dkt. 84-1). Gaines's response does not marshal a dispute of fact, because he does not argue that he fully exhausted the grievance process. *See* dkt. 84. He only argues that he filed a grievance on April 4, 2023, and that the grievance process was unavailable to him because Ms. Bumgardner failed to respond to his grievance. *Id.* at 1-2. But if Ms. Bumgardner failed to respond, the obligation turned back to Gaines to notify the grievance specialist that his grievance went unacknowledged or otherwise file an appeal. Dkt. 79-2

at 11 ("[i]f the offender receives no grievance response within thirty (30) business days . . . the offender may appeal as though the grievance had been denied.").

Gaines's own summary judgment motion *admits* he did nothing further by stating he "had no instruction on how to pursue an appeal when he did not receive a response to his grievances." Dkt. 84 at 5.[1]

Indeed, there is no evidence that Gaines attempted to contact the grievance office when he did not receive a receipt for filing the grievance he says he filed on April 4, 2023, dkt. 84-1, nor does he argue in his summary judgment motion that he filed an appeal as if his grievance had been denied. *See* dkt. 84. That is, he has not raised a disputed issue of fact as to whether he fully exhausted the grievance he allegedly filed about Nurse Webster.

Instead, Gaines directs the Court to the order on *Pavey* hearing in *Scuteri v. Perez*, 2:23-cv-00103. Gaines points to portions of that order in which the presiding judge noted that hearing testimony showed that Ms. Bumgardner was overwhelmed by the grievance specialist position and therefore grievances were backlogged. Dkt. 84-3. But, even if the Court were inclined to take judicial notice of the testimony from the *Pavey* hearing in the *Scuteri* case, Gaines has not shown why it is relevant or explained how it creates a genuine dispute of material fact as to whether the grievance process was available to him specifically with respect to his grievance about Nurse Webster. He does not explain the time frame

[1] Gaines's later filings contend that he filed an appeal, but those statements directly contradict the assertions he set forth in his motion for summary judgment, which he signed under penalty of perjury. *See Clemons v. Wexford Health Sources, Inc.*, 106 F.4th 628, 634 (7th Cir. 2024) ("The sham-affidavit rule prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony.").

in which Ms. Bumgardner was "overwhelmed," whether the timeframe overlapped with the instant case, or how the cases are in any way related. The Court declines to scour a record from another case and apply it to the circumstances here.

Gaines has not designated evidence sufficient to create a genuine issue of material fact as to whether the grievance process was available to him at the relevant time. To the contrary, the only record evidence from the time period at issue suggests that it *was* available, given that Nurse Webster designated evidence showing that Ms. Bumgardner responded to Grievance #154597, which was filed on April 4, 2023, the same date which Gaines alleges he grieved regarding the sexual abuse by Nurse Webster. Without any disputed fact issue as to availability, the only question is whether Gaines properly exhausted the grievance he allegedly filed about Nurse Webster, and the undisputed evidence shows that he did not because there is no evidence that he attempted to contact the grievance office after he failed to receive a receipt or otherwise appealed this grievance in accordance with the grievance process.

In short, the designated evidence shows that Gaines did not complete all three steps of the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Nurse Webster must be dismissed without prejudice. *Id*; *see also Ford v. Johnson*, 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. OTHER PENDING MOTIONS

Gaines has filed several pending motions, which the Court resolves in turn. As an initial matter, Gaines's motion requesting *Pavey* hearing, dkt. [95] is **DENIED as moot** because Nurse Webster is entitled to summary judgment as to the exhaustion defense.

Next, to the extent Gaines seeks sanctions under Federal Rule of Civil Procedure 11 based on Nurse Webster's assertion of the exhaustion defense, there is no evidence that he complied with the "safe harbor" provision of Rule 11(c)(2) before filing his motion. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). Accordingly, Gaines's motion for sanctions under Rule 11, dkt. [76], must be **DENIED.**

Finally, Gaines's motion for declaratory relief, dkt. [98], is **DENIED** because it does not pertain to the allegations of the complaint in this case. Accordingly, the Court cannot provide the relief for which he seeks.

## V. CONCLUSION

For the above reasons, Nurse Webster's motion for summary judgment, dkt. [77], is **GRANTED**, and Gaines's motion for summary judgment, dkt. [84],

is **DENIED.** The claims against Nurse Webster are **dismissed without prejudice.**

Nurse Webster's motion to reply to Plaintiff's surreply, dkt. [94], is **DENIED as unnecessary** and Gaines's motion for *Pavey* hearing, dkt. [95] is **DENIED as moot.** Gaines's motion for sanctions and motion for declaratory relief, dkts. [76] and [98] are **DENIED.**

**SO ORDERED.**

Date: 11/20/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY GAINES
983065
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel